IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Diego Garcia, | ) | No. CV 04-1747-PHX-ROS(CRP) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Kenneth Michell, et al., | ) | |
| Defendants. | ) | |

On August 20, 2004, Plaintiff, who was at the time incarcerated in the Madison Jail in Phoenix, Arizona, filed the instate *pro se* action pursuant to 42 U.S.C. § 1983. (Docket 1).

**RETURNED MAIL**

On June 21, 2005, the Court entered an order directing, *inter alia*, the Clerk of the Court to mail a service packet to Plaintiff and directing Plaintiff to return the completed service packet to the Court within twenty days. (Docket 6). The order and service packet were mailed by the Clerk of the Court to Plaintiff at his last known address of record at the Madison Jail on June 22, 2005. On July 1, 2005, the mail was returned to the Clerk of the Court as "undeliverable." (Docket 8 & 9). The docket reflects "research conducted no other address found." (*Id.*).

1       Plaintiff has not filed a Notice of Change of Address nor has Plaintiff filed any other

2   document notifying the Court of his whereabouts and/or that he intends to prosecute this

3   action.  Plaintiff has filed no documents since August 20, 2004.

4       Local Rule Civil 3.4(a), Rules of Practice of the U.S. District Court for the District

5   of Arizona, requires that an incarcerated litigant comply with the instructions attached to the

6   Court-approved Complaint form.  Those instructions state: "You must immediately notify

7   the clerk...in writing of any change in your mailing address.  Failure to notify the court of any

8   change in your mailing address may result in dismissal of your case." (Information and

9   Instructions for a Prisoner Filing Civil Rights Complaint at 2).

10       In its June 21, 2005 Order, the Court warned Plaintiff that "[f]ailure to file a NOTICE

11   OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to

12   prosecute..." (Docket 6 at 9).

13   **FAILURE TO PROSECUTE**

14       Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*

15   *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978).  In this regard, it is the

16   duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her

17   current address and to comply with the Court's orders in a timely fashion.  This Court does

18   not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears

19   the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*

20   *King*, 856 F.2d 1439, 1441 (9th Cir.1988).  Plaintiff's failure to keep the Court informed of

21   his new address constitutes failure to prosecute.

22       Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

23   plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

24   move for dismissal of an action."  The U.S. Supreme Court has recognized that a federal

25   district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute,

26   even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to

27   require a motion from a party. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).

28

1   Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to

2   prosecute even without notice or hearing. *Id.* at 633.

3       In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,

4   the Court must weigh the following five factors: "(1) the public's interest in expeditious

5   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

6   the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

7   availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*,

8   779 F.2d 1421, 1423 (9th Cir.1986).  "The first two of these factors favor the imposition of

9   sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus

10  the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910

11  F.2d 652, 656 (9th Cir.1990).

12      Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

13  to keep the Court informed of his address or to actively participate in this case prevents the

14  case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against

15  dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative

16  is available.  Without Plaintiff's current address, however, certain alternatives are bound to

17  be futile.  In the instant case, as in *Carey*, "[a]n order to show cause why dismissal...[is] not

18  warranted or an order imposing sanctions would only find itself taking a round trip tour

19  through the United States mail." 856 F.2d at 1441.

20      Only one less drastic sanction is realistically available.  Rule 41(b) provides that a

21  dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the

22  court in its order for dismissal otherwise specifies."  In the instant case, a dismissal with

23  prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed

24  without prejudice pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure.

25  . . . . . . . . .

26  . . . . . . . . .

27  . . . . . . . . .

28  . . . . . . . . .

1  RECOMMENDATION

2        For the foregoing reasons, the Magistrate Judge recommends that the District Court

3  Judge dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of

4  Procedure for failure to prosecute.

5        Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within

6  10 days after being served with a copy of this Report and Recommendation.  If objections

7  are filed, the parties should use the following case number: **CV 04-1747-PHX-ROS.**

8        If objections are not timely filed, then the parties' right to *de novo* review by the

9  District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

10  1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).

11        DATED this 21st day of April, 2006.

12

13

14  **CHARLES R. PYLE**
    **UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28